UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL STIMPSON,

    Plaintiff,

v.                                          Case No. 07-13869

UNITED PARCEL SERVICES,          HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER

I.

This is an unlawful termination case claiming violations of the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq. The parties came before the Court on June 18, 2008 for a hearing on UPS's motion for summary judgment. As will be explained, the Court sanctioned Stimpson's counsel five hundred dollars ($500.00) for counsel's failure to file a timely response to UPS's motion. This order memorializes the Court's ruling and further explains the reasons for its decision.

II.

On February 8, 2008, UPS filed a motion for summary judgment. Stimpson failed to file a response within 21 days after service as required by the local rules. See E.D. Mich. LR 7.1(d)(1)(B). Accordingly, on March 17, 2008, the Clerk contacted Stimpson's counsel and informed him that a response must be filed by May 1, 2008 and no extensions would be given. Stimpson's counsel did not file a response by May 1, 2008.

A hearing on UPS's motion was scheduled for June 18, 2008. On the evening of June 17, 2008, Stimpson's counsel electronically filed a response to UPS's motion. Stimpson's counsel did not contact the Court, or opposing counsel, to inform of the filing nor did Stimpson's counsel submit a hard copy of the response to the Court. Stimpson's counsel appeared for the hearing on June 18, 2008 and was unable to explain the delay in filing a response.

III.

The Court has the authority to impose a sanction imposed on a party under Federal Rule of Civil Procedure 11. Such a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). A sanction may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id. Further, 28 U.S.C. § 1927 states that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See also Ridder v. City of Springfield, 109 F.3d 288, 299 (6th Cir. 1997) (awarding attorney fees as a sanction for unreasonable and vexatious multiplication of proceedings). Finally, the Court has the inherent authority to impose sanctions in the form of attorney fees for bad faith conduct in litigation. See First Bank v. Hartford Underwriters Ins. Co., 307 F.3d 501, 511 (6th Cir. 2002) ("A court has inherent authority to award attorney fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." (quotations omitted)).

Here, the Court finds that a monetary sanction of $500.00 against Stimpson's counsel personally, payable to UPS's counsel as attorney fees, is appropriate.

With regard to the pending motion for summary judgment, UPS shall file a reply to the response within ten (10) days. The Case Manager will set a new hearing date.

SO ORDERED.

Dated: June 19, 2008   　s/Avern Cohn
　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 19, 2008, by electronic and/or ordinary mail.

　　　　　　　　　　　　　 s/Julie Owens
　　　　　　　　　　　　　Case Manager, (313) 234-5160